MARTIN V. S. GRIFFIN, sole executor, &c., under the will of Franz Chadnicki, deceased, complainant-respondent,

*v.*

FELIX CHODYNICKI et al., defendants-appellants.

[Decided January 26th, 1938.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Berry, who filed the following opinion:

"This opinion is written by reason of an appeal from the final decree entered March 23d, 1937.

"The bill seeks a construction of the will of Franz Chadnicki, complainant and defendant each claiming they are entitled to the whole estate. The dispute arises from the second paragraph of the will, which provides:

"'I give, devise and bequeath unto my employer, Martin V. S. Griffin with whom I have been working for eight years last past, all of my property of every kind and nature in trust with the direction

that my said employer, Martin V. S. Griffin, of Freehold, N. J., shall make a careful search for my brother, Adam Chadnicki who lived in Poland near Warsaw, and if he is able to locate him within the period of one year from my death then to pay said estate of which I shall die seized and possessed to my said brother, but in case he is not able to locate my said brother then after the period of one year from my death I do give, devise and bequeath my said estate to my said employer, Martin V. S. Griffin, of Freehold, N. J., to be his absolutely forever.'

"The testator, a citizen of Poland, worked as a farmhand for complainant from November, 1908, shortly after his arrival in this country, until his death in February, 1936. His will was executed December 12th, 1916, at which time that section of Poland from which he originated was still a part of the Russian empire. Subsequent to testator's death complainant endeavored to locate the brother Adam referred to in the will and found that he had died on or about January 19th, 1922, in the village of Chodnicze, county of Kobryn, in the republic of Poland, leaving him surviving six children, the defendants herein.

"Defendants contend that they are entitled to the estate by virtue of section 22 of the Wills act (*P. L. 1887 ch. 47*), the pertinent provisions of which are that where a devisee who is a brother of the testator predeceases the latter, leaving children surviving him, the devise shall not lapse, but the estate so devised shall vest in such children, with the proviso that this rule shall not apply where the testator has otherwise directed in regard to the children of the devisee predeceasing the testator. Their reasoning is that the gift to complainant is conditioned upon the latter's inability to locate Adam within a year after testator's death, that complainant did in fact locate Adam (or the place of his burial) ; that accordingly the gift to complainant falls and Adam having predeceased testator, the act applies to vest the estate in Adam's children.

"With this reasoning I regret that I am unable to agree and it is with reluctance that I am obliged to advise a decree for complainant. Impelling me to this conclusion is the fact that testator plainly expressed an intent that his estate should

be paid to his brother only if complainant located him within one year after testator's death. Failing that, even though his brother might still be alive, he provided that everything should go to his employer.

"It is idle to say that complainant located the brother. He ascertained the time and place of his death and burial. But it cannot be said that the testator intended such a possibility to be a compliance with the condition. His intent was for the estate to be paid to his brother personally. If that could not be done, and done within a specified time, his employer became the beneficiary. Had the testator intended to prefer Adam's heirs to complainant he could easily have expressed such intent. But he did not do so. And not to be lost sight of is the fact that the object of the statute above mentioned is to prevent a lapse and consequent intestacy. *Trenton Trust and Safe Deposit Co.* v. *Sibbits, 62 N. J. Eq. 131.* As above demonstrated, there is no possibility of intestacy here, and accordingly, the statute has no application."

*Mr. Andrew J. Conover,* for the respondent.

*Messrs. Rospond & Rospond,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Berry in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 12.

*For reversal*—PARKER, HEHER, JJ. 2.